UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| HOLLIS LANIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:16-cv-00126-WTL-MJD |
| ) | |
| MORRISON Officer, BOOKER Officer, ) | |
| BAKER, SHU Lt. ) | |
| ) | |
| Defendants. ) | |

**Entry Granting Officer Booker's Motion to Dismiss**

Plaintiff Hollis Lanier ("Lanier") has not opposed the motion to dismiss filed by defendant Officer Booker. The deadline for him to have done so has expired. Having considered the pleadings and the unopposed motion to dismiss, the court finds that the defendant's motion to dismiss [dkt. 23] must be **granted**. This conclusion rests on the following facts and circumstances:

1. Lanier alleges that Officer Booker violated his rights under the Eighth Amendment of the United States Constitution. Lanier seeks money damages. His claims are brought pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

2. Officer Booker seeks dismissal of the claims alleged against him pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*. When evaluating a motion to dismiss the Court "takes all well-pleaded allegations of the complaint as true and views them in the light most favorable to the plaintiff." *Santiago v. Walls,* 599 F.3d 749, 756 (7th Cir. 2010). These allegations are reviewed to determine if they "plausibly" give rise to a claim that would entitle the complainant to relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). To satisfy the notice-pleading standard

of Rule 8 of the *Federal Rules of Civil Procedure*, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)).

3. The allegations pertinent to Officer Booker are the following: "On 4-3-15 Officer Booker then brought me [a sack] lunch which had spit on it." Dkt. 6 at p.3. The affidavit attached to the complaint states, "On 4-3-15 Officer Booker then brought me [a sack] lunch which had spit on the bread and hairs on the apple like pubic hairs." Dkt. 6-1 at p. 2.

4. The Eighth Amendment prohibits cruel and unusual punishment. The food Lanier was allegedly served is a challenge to the conditions of his confinement. Although there is not a static test, to state a conditions of confinement claim the condition at issue generally must subject the plaintiff to a strong likelihood of serious harm or include a serious deprivation of basic human needs. *Rhodes v. Chapman*, 452 U.S. 337, 346-47 (1981). The possibility of harm is not enough. In addition, the defendant must have been aware of the strong likelihood that the plaintiff would be seriously harmed, but consciously failed to take reasonable measures to prevent the harm from occurring. *Farmer v. Brennan*, 511 U.S. 825, 837 & 843 n.8 (1994).

5. The amended complaint [dkt. 6] does not allege that Officer Booker actually spit on or placed a hair on Lanier's food. Nor is there any allegation that Officer Booker knew or even suspected that the food he delivered to Lanier had been tampered with. There is no plausible factual basis to conclude that Officer Booker was aware that Lanier would be seriously harmed by the sack lunch he delivered.

6. The Court can imagine scenarios in which additional factual allegations could cure the deficiencies noted above. But this is not the standard. Rule 8 requires that the complaint "actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (*quoting Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)). Nothing in this ruling prohibits the plaintiff from filing a motion to amend the complaint consistent with Rule 15 of the *Federal Rules of Civil Procedure*.

7. Lanier's failure to respond to the motion to dismiss risked an adverse ruling. *Kirksey v. R.J. Reynolds Tobacco Co.,* 168 F.3d 1039, 1042 (7th Cir. 1999) ("If [judges] are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning."); *see also County of McHenry v. Ins. Co. of the West,* 438 F.3d 813, 818 (7th Cir. 2006) ("When presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action.") (internal quotations omitted). That risk has become a reality.

In conclusion, defendant Officer Booker's motion to dismiss [dkt. 23] is **granted.** The **clerk is directed** to update the docket to reflect that Officer Booker is terminated as a defendant.

No partial final judgment shall issue at this time as to the claims resolved in this Entry.

**IT IS SO ORDERED.**

Date: 11/22/16

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

3

Distribution:

All Electronically Registered Counsel

HOLLIS LANIER
58577-060
LEE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 305
JONESVILLE, VA 24263